**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrea Kincaid,<br><br>Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank, N.A.; and Federal Home Loan Mortgage Corp.,<br><br>Defendants. | No. CV-10-579-PHX-DGC<br><br>**ORDER** |

Defendant Wells Fargo Bank has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 21. The motion is fully briefed. Doc. 25, 31. Oral argument has not been requested. For reasons that follow, the Court will grant the motion in part and deny it in part.

**I.     Factual Allegations.**

Plaintiff's amended complaint alleges the following facts (Doc. 17), which the Court must assume to be true for the purposes of Rule 12(b)(6). In October, 2007, Plaintiff obtained a mortgage from Wells Fargo Bank, with a promissory note and deed of trust, to purchase a home in Maricopa, Arizona. Doc. 17 at 2. In January 2009, Plaintiff began to fall behind on her mortgage payments, and was notified in June that a trustee's sale was to take place on September 22, 2009. *Id.* In an effort to keep her home, Plaintiff contacted Wells Fargo in hopes of obtaining a loan modification agreement. *Id.*

After receiving Plaintiff's loan modification hardship package, Wells Fargo agreed to postpone the trustee's sale until November 23, 2009 while it considered the modification

request. Doc. 17 at 2. Wells Fargo's decision to postpone the sale was confirmed with several of its employees between September and December of 2009. Doc. 17 at 3. During this time, Plaintiff submitted an updated loan modification package at the request of Wells Fargo, who assured Plaintiff that her request was still under review. *Id.* On December 16, 2009, however, Wells Fargo informed Plaintiff that her property had been sold at auction on November 23, 20[10]. *Id.* Wells Fargo's employee also admitted that a co-worker had falsely informed Plaintiff that the sale had been postponed during a prior phone call, and that this employee had neglected to actually postpone the sale. *Id.*

Wells Fargo's representatives repeatedly told Plaintiff that the sale was conducted in error and would be rescinded. Doc. 17 at 3. Later Wells Fargo informed Plaintiff that it would not rescind the sale because it had not yet received an updated modification package, even though Wells Fargo's representative had previously acknowledged receipt of these documents. *Id.*

Plaintiff filed a complaint against Wells Fargo in Superior Court on February 17, 2010. *Kincaid v. Wells Fargo Bank*, CV2010-00610 (Super. Ct. Feb. 17, 2010). The original complaint alleged claims against Wells Fargo for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, declaratory judgment, violation of TILA, Violations of 33 A.R.S. 801, Quiet Title, Rescission, Fraud, and Negligent Misrepresentation. *Id.* Wells Fargo removed the case to this Court on March 15, 2010. Doc. 1. Plaintiff's amended complaint alleges claims against Wells Fargo for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, declaratory judgment, quiet title, rescission, fraud, and negligent misrepresentation. Doc. 17.

The Federal Home Loan Mortgage Corp. – the underlying owner of the note – initiated an eviction action in Superior Court. *Fed. Home Loan Mortgage Corp. v. Kincaid*, CV2010-00488 (Super. Ct. Feb. 8, 2010). Plaintiff received a preliminary injunction to prevent Freddie Mac from proceeding with this action, and demanded that Wells Fargo vacate the sale and reinstate Plaintiff's title to the property. Doc. 17 at 4.

## II. Legal Standard

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

## III. Analysis

Wells Fargo seeks dismissal on counts one through four of Plaintiff's first amended complaint. Doc. 21.[1]

### A. Breach of Contract/Covenant of Good Faith and Fair Dealing.

Plaintiff has brought a breach of contract claim against Wells Fargo in which she alleges that Wells Fargo violated its obligation of good faith and fair dealing by falsely promising it would postpone the Trustee's sale. Doc. 17 at 5. The contract at issue in this claim is Plaintiff's October 2007 loan agreement. *Id.* at 4-5. Wells Fargo disagrees with this claim on several grounds. Doc. 21, 31. The Court will consider each argument in turn.

#### 1. Plaintiff Did Not State a Claim for Breach Contract

Wells Fargo asserts that because Plaintiff has conceded that Wells Fargo did not breach any specific term in the contract, the Court should dismiss the breach of contract claim. Doc. 21 at 3. Plaintiff argues that even though Wells Fargo did not violate any

---

[1] The complaint also includes a fifth claim, but it is not challenged in Wells Fargo's motion. Doc. 21.

specific term in the contract, Wells Fargo's breach of the covenant of good faith and fair dealing should still be enough to impose liability under breach of contract. Doc. 25 at 3.

To prevail on a breach of contract claim, the plaintiff must prove the existence of a contract between the plaintiff and the defendant, a breach of the contract by the defendant, and resulting damage to the plaintiff. *See Coleman v. Watts*, 87 F. Supp. 2d 944, 955 (D. Ariz. 1998) (citing *Clark v. Compania Ganadera de Cananea, S.A.*, 387 P.2d 235, 237 (Ariz. 1963)); *Commercial Cornice & Millwork, Inc. v. Camel Constr. Servs. Corp.*, 739 P.2d 1351, 1355 (Ariz. Ct. App. 1987) ("To state a claim in contract the complaint must allege an agreement, the right to seek relief, and breach by the defendant."). Here, Plaintiff concedes that Wells Fargo did not violate any specific promise in the contract between the two parties. Doc. 25 at 3. The Court will grant Wells Fargo's request to dismiss the breach of contract claim.

## 2. Wells Fargo Did Not Breach the Implied Covenant.

Wells Fargo argues that Plaintiff has failed to state a claim for breach of the implied covenant of good faith and fair dealing because Plaintiff has not demonstrated any conduct by Wells Fargo which stopped "other parties to [a] contract from receiving the benefits . . . of the agreement." Doc. 21 at 3. (citing *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1283-84 (Ariz. App. 2007). In selling Plaintiff's property despite promising her to postpone the trustee's sale, Wells Fargo asserts that it was simply "exercising its contractual right to proceed with nonjudicial foreclosure." Doc. 21 at 3. Wells Fargo asserts that "acts in accord with the terms of one's contract," such as its foreclosure of Plaintiff's property, do not violate the implied covenant of good faith and fair dealing. Doc. 21 at 4.

Plaintiff argues that Wells Fargo violated the implied covenant by falsely promising it would postpone the trustee's sale. Doc. 17 at 4-5. Plaintiff asserts that Wells Fargo's "additional actions culminating in foreclosure" went beyond the scope of its rights in the October 2007 loan agreement. Doc. 25 at 4, 6. According to Plaintiff, parties to a contract may violate the covenant of good faith and fair dealing "by exercising express discretion in

- 4 -

a way inconsistent with a party's reasonable expectations." Doc. 25 at 6 (citing *Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 435 (Ariz. App. 2002)). Plaintiff argues that Wells Fargo's decision to sell the property in November despite promising otherwise goes beyond her reasonable expectations and violates the covenant of good faith and fair dealing. Doc. 25 at 6.

In Arizona, there is an implied covenant of good faith and fair dealing in every contract. *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 28 (Ariz. 2002); *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1040 (Ariz. 1985). "[T]he implied-in-law covenant of good faith and fair dealing protects the right of the parties to an agreement to receive the benefits of the agreement that they have entered into." *Wagenseller*, 710 P.2d at 1040. Wells Fargo's actions were within the scope of the parties' reasonable expectations for the original contract. Foreclosure on Plaintiff's property due to delinquent payments was contemplated in the text of the original note. Doc. 21-1.

Plaintiff's claim fails to the extent that she argues Wells Fargo deprived her of the benefits from the later oral agreement to postpone the trustee's sale, rather than from the original contract. Doc. 25. The oral agreement was separate from the initial note, and any promises made in the oral agreement are outside the scope of the reasonable benefit of the original note. Given that under Arizona law the implied covenant is only breached when one party denies the other a benefit of the agreement, and given that Plaintiff's complaint of breach is for a benefit that falls outside the scope of the October 2007 loan agreement, Plaintiff's claim must fail. For this reason, the Court will grant Wells Fargo's motion to dismiss Plaintiff's breach of the covenant of good faith and fair dealing claim.

**B.     Breach of Fiduciary Duty.**

Wells Fargo contends that Plaintiff has failed to state a claim for breach of fiduciary duty. Wells Fargo cites several cases showing that the relationship between a lender and a borrower does not give rise to a fiduciary duty. Doc. 21 at 5; (*see, e.g.*, *McAlister v. Citibank (Arizona)*, 829 P.2d 1253, 1258 (Ariz. App. 1992)).

1       Plaintiff claims that Wells Fargo breached its fiduciary duty by failing to work with her in good faith, by failing to notify Plaintiff that a new trustee's sale date had been scheduled, and by failing to postpone the trustee sale. Doc. 17 at 6. Plaintiff argues that such actions constitute a breach of fiduciary duty because Plaintiff relied to her detriment on representations made by Wells Fargo. Doc. 25 at 10.

      The Court agrees with Wells Fargo. The relationship between a bank and an ordinary customer normally does not give rise to a fiduciary duty. *McAlister v. Citibank (Arizona)*, 829 P.2d 1253, 1258 (Ariz. App. 1992). Plaintiff has not alleged facts suggesting that she had any type of special relationship with Wells Fargo that would give rise to this duty. The Court will dismiss Plaintiff's claim against Wells Fargo for breach of fiduciary duty.

### C. Declaratory Judgment.

      Plaintiff concedes that her declaratory judgement claim does not constitute a separate cause of action. Doc. 25 at 10. Instead, Plaintiff acknowledges that this claim serves as a possible remedy. *Id.* Wells Fargo argues that because Plaintiff fails to state a claim on this issue, the Court should dismiss.

      The Court agrees with Wells Fargo The Plaintiff seeks a declaratory judgment as a remedy, rather than as a separate claim. The Plaintiff has failed to state a claim on this issue. For this reason, the Court will dismiss Plaintiff's claim against Wells Fargo for a declaratory judgement.

### D. Quiet Title.

      Wells Fargo argues that to bring a quiet title claim, a plaintiff must assert some legal theory demonstrating that he is the rightful owner of real property. Doc. 21 at 6. Wells Fargo contends that Plaintiff's allegations do not support "any legal theory, the success of which could make Plaintiff's interest in the Property superior to the interest of the current owner – Federal Home Loan Mortgage Corporation." *Id.*

      Plaintiff responds that she has met the requirements to pursue a claim for quiet title pursuant to A.R.S. §12-1102 by stating the nature of her estate and alleging that Wells Fargo makes an adverse claim. Doc. 25 at 10. Plaintiff asserts that her interest in the property is

superior to the purported interest of Federal Home Loan Mortgage Corporation because Wells Fargo facilitated the wrongful taking of title from her via an improper trustee's sale. Doc. 17 at 6-7.

By Wells Fargo's own admission (Doc. 21 at 6), to state a claim for quiet title a party "must assert some legal or equitable theory for why he is the rightful owner." *Silvas v. GMAC Mortg.*, No. CV-09-265-PHX-GMS 2009 WL 4573234 1,6 (D. Ariz. 2010). Plaintiff does put forward a legal theory that suggests she is the rightful owner of the property. She alleges that because Wells Fargo took her property in an improper trustee's sale, the purchaser of the property did not gain proper legal title. Doc. 25 at 10-11. Even if the Court grants Wells Fargo's motion to dismiss on all requested counts, Plaintiff still has a possibility of success for her fraud and negligent misrepresentation claim. Doc. 21. Plaintiff has adequately stated a legal theory challenging the current title-holder's right to ownership. For this reason, Wells Fargo's request to dismiss the quiet title claim is denied.

**E.     Rescission**.

In her original complaint, Plaintiff brought a rescission claim against Wells Fargo. Doc. 1 at 16-17. Plaintiff does not plead this rescission claim in her amended complaint. Doc. 17. The Court will deny the motion to dismiss the rescission claim as moot.

**F.     Request for Leave to Amend.**

Plaintiff requests leave to amend the complaint to cure any deficiencies. Doc. 25 at 1. The Court recognizes that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff, however, already has amended her complaint in response to Wells Fargo's original motion to dismiss. Doc. 15, 17. That amendment failed to cure the deficiencies identified in the motion to dismiss. Plaintiff has not shown, and it does not otherwise appear to the Court, that the complaint's deficiencies can be cured through additional amendment. The Court will therefore deny leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied as futile); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial of leave to amend where the complaint could not be saved by any amendment).

**IT IS ORDERED:**

1. Defendant Wells Fargo Bank's motion to dismiss (Doc. 21) is **granted in part** and **denied in part**. The motion is granted with respect to the claims for breach of contract and covenant of good faith and fair dealing (count one), breach of fiduciary duty (count two), and declaratory judgment (count three). The motion is denied with respect to the quiet title claim (count four) and denied as moot with respect to the remedy of rescission.

2. Plaintiff's request for leave to file a second amended complaint is **denied**.

3. The Court will set a case management conference by separate order.

DATED this 22nd day of July, 2010.

_____
David G. Campbell
United States District Judge