**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrea Kincaid, | No. CV-10-579-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Wells Fargo Bank, N.A.; and Federal Home Loan Mortgage Corp., | |
| Defendants. | |

Defendant Wells Fargo Bank removed this action to this Court on March 15, 2010. Doc. 1. Wells Fargo has filed a motion to dissolve a preliminary injunction (Doc. 20) entered by the state court in this case before removal and in a separate forcible entry and detainer action that has not been removed, *Federal Home Mortgage Corp. v. Kincaid*, No. CV2010-00488 (Super. Ct. Feb. 8, 2010). The motion is fully briefed. Docs. 24, 30. For reasons that follow, the Court will grant the motion in part and deny it in part.

**I.     Background.**

In October 2007, Plaintiff obtained a mortgage from Wells Fargo Bank to purchase a home in Maricopa, Arizona. After Plaintiff began to fall behind on her mortgage payments, she was notified that a trustee's sale was to take place on September 22, 2009. Plaintiff contacted Wells Fargo in hopes of obtaining a loan modification. Plaintiff claims that after receiving her loan modification package, Wells Fargo agreed to postpone the trustee's sale until November 23, 2009 while it considered the modification request. In December 2009, however, Wells Fargo informed Plaintiff that her property had been sold at the previously scheduled trustee's sale.

The Federal Home Loan Mortgage Corporation ("Freddie Mac"), the owner of the underlying promissory note, initiated a forcible entry and detainer ("FED") action against Plaintiff in state court. *Fed. Home Loan Mortgage Corp. v. Kincaid*, CV2010-00488 (Super. Ct. Feb. 8, 2010). Plaintiff then filed this action against Wells Fargo, asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, declaratory judgment, violation of the Truth in Lending Act, quiet title, rescission, fraud, and negligent misrepresentation. *Kincaid v. Wells Fargo Bank*, CV2010-00610 (Super. Ct. Feb. 17, 2010). Plaintiff sought a preliminary injunction in state court to prevent Freddie Mac from proceeding with eviction measures. Doc. 1 at 21. The state court combined both this case and the FED action for hearing purposes only, and entered an injunction in both cases. *Id.* at 27-28. Wells Fargo subsequently removed this action on the basis of federal question jurisdiction. *Id.* at 1-4.

## II. Legal Standard.

No preliminary injunction shall issue under Rule 65 without notice to the adverse party. Ariz. R. Civ. P. 65(a)(1); Fed. R. Civ. P. 65(a)(1). When the moving party fails to show that they have provided adequate notice to their adversary, courts generally will deny the request for a preliminary injunction. *See Linebarger v. Hailey*, No. CV 07-0496-PHX-SMM, 2007 WL 2949008, at *1 (D. Ariz. Oct. 9, 2007).

## III. Analysis.

Wells Fargo argues that the Court should dissolve the preliminary injunction entered by the state court in this removed case and in the FED action because it was not provided notice of the March 1, 2010 preliminary injunction hearing. Doc. 20 at 3. Wells Fargo asserts that because it did not have any opportunity to challenge Plaintiff's motion for the injunctions at the hearing, the Court must dissolve the injunctions to prevent manifest injustice. *Id.*

Plaintiff responds that because she did not seek an injunction regarding any issue in this case, and instead sought only to enjoin Freddie Mac from pursuing its FED action, Wells Fargo was a non-party that did not require notice. Doc. 24 at 2-3. Plaintiff asserts that the

state court's order of March 4, 2010 shows that no injunction was entered in this action. *Id.* at 3.

To the contrary, an injunction was entered in both this case and the FED action. Doc. 1 at 27-28 ("IT IS HEREBY ORDERED granting the Preliminary Injunction in CV20100610. IT IS FURTHER ORDERED enjoining the Forcible Entry and Detainer Action, CV201000488."). Rule 65 requires that notice be provided to the adverse party before an injunction may issue. Ariz. R. Civ. P. 65(a)(1); Fed. R. Civ. P. 65(a)(1). Plaintiff's response appears to concede that Wells Fargo did not receive notice of the preliminary injunction hearing. Doc. 24 at 2-4. The injunction entered in this case, therefore, did not comport with the notice requirements of Rule 65 and must be dissolved.

This order has no effect on the injunction entered in the separate FED action brought by Freddie Mac. *See* Doc. 1 at 27-28. That action, *Federal Home Loan Mortgage Corp. v. Kincaid*, CV2010-00488 (Super. Ct. Feb. 8, 2010), remains in state court and is not subject to the jurisdiction of this federal Court.

**IT IS ORDERED:**

1. Defendant Wells Fargo Bank's motion to dissolve preliminary injunction (Doc. 20) is **granted in part** and **denied in part**.
2. The motion is **granted** with respect to the pre-removal preliminary injunction entered by the state court in this case, *Kincaid v. Wells Fargo Bank*, No. CV-10-579-PHX-DGC (Superior Court Case No. CV2010-00610). The motion is **denied** with respect to the preliminary injunction entered by the state court in the separate non-removed forcible entry and detainer action, *Federal Home Loan Mortgage Corp. v. Kincaid*, CV2010-00488.

DATED this 27th day of July, 2010.

_____
David G. Campbell
United States District Judge

- 3 -